UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. LOPEZ,<br><br>　　　　Defendant. | Case No.  1:22-cv-00922-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO REMAND[1]<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 9)<br><br>14-DAY DEADLINE |

　　　Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 9, "Motion"). Defendant G. Lopez filed an Opposition (Doc. No. 12) and Plaintiff filed a Reply (Doc. No. 15). Also contained within Plaintiff's Motion is a request for appointment of counsel. (Doc. No. 9 at 2). For the reasons set forth below, the undersigned recommends the district court deny the motion to remand and denies the motion for appointment of counsel.

### I.　　　BACKGROUND

　　　Plaintiff Richard Joseph Crane ("Plaintiff") initiated this action by filing a pro se complaint in the Kings County Superior Court ("KCSC"). (Doc. No. 4). Plaintiff's first amended complaint was dismissed by KCSC in June 2019 for failure to serve Defendant Dolihite within

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

the three-year statute of limitations. *Crane v. Dolihite*, 70 Cal. App. 5th 772, 782 (2021). The Court of Appeal on appeal reversed, finding that Plaintiff had been denied access to the courts because prison officials frustrated his efforts to serve Defendant Dolihite, and remanded the case back to KCSC for further proceedings. *Id*. at 777. Plaintiff then filed a second amended complaint ("SAC") in KCSC in March 2022. (Doc. No. 1, Doc. No. 4, Exhibit A). Defendant Lopez was served on June 30, 2022. (Doc. No. 1 at 2, ¶3). On July 27, 2022, Defendant Lopez filed a notice of removal in this Court. (Doc. No. 1).

In his motion seeking remand, Plaintiff argues Defendants were required under 28 U.S.C. 1446(b) to file the Notice of Removal within 1 year after commencement of the action but failed to do so. (Doc. No. 9). He also contends that removal is improper because not all Defendants have consented to removal. (*Id*.). Finally, Plaintiff implies that his inability to obtain an entry of default against Defendant Dolihite in state court justifies remand. Included in his Motion is a request to appoint counsel, "should the court believe it cannot be remanded based on plaintiff's limited legal presentation." (*Id*. at 2).

Defendant Lopez opposes the Motion, pointing out Plaintiff's erroneously relies on cases that are removed based on diversity jurisdiction under 28 U.S.C. 1446(c)(1), which provides that:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Defendant Lopez argues because this case was removed under section 1331—federal question jurisdiction, rather than section 1332—diversity of citizenship, the one-year limit does not apply. (Doc. No. 12 at 2). Further, Lopez asserts the well-established exception to the so-called "rule of unanimity" provides that a party who has not been served need not be joined in the petition for removal. (*Id*. at 2-3). Plaintiff points to the lack of consent by Defendant Asuncion as a basis for remand, but Lopez argues Asuncion has not been served, so Plaintiff's fails. (*Id*. at 2).

In his Reply Plaintiff raises several new legal arguments. He asserts that Lopez's removal of the case is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971),

2

by the *Rooker-Feldman* doctrine, by 28 U.S.C. § 1257, and the Full Faith and Credit Act (28 U.S.C. § 1738). (Doc. No. 15 at 1).

## II. APPLICABLE LAW AND ANAYSIS

### A. Plaintiff's Motion to Remand

A motion to remand is a dispositive motion. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Because the parties have not consented to the jurisdiction of a magistrate judge, the remand motion requires an order from a district judge.

When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove that action to federal district court. *See* 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction is governed by the "well-pleaded complaint rule" (or "Mottley rule") which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

A motion to remand is the proper procedure for a plaintiff to challenge removal. 28 U.S.C. § 1447. The party who seeks removal carries the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244).

Plaintiff's operative complaint—the second amended complaint, was filed on March 23, 2022 in KCSC and alleged various state law claims as well as violations of the First and

Fourteenth Amendments, and asserts that "this action proceeds as a 42 U.S.C § 1983 claim." (Doc. No. 4 at 5). Thus Plaintiff's "statement of his own cause of action" shows that it arises under the Constitution and laws of the United States and this Court therefore has subject matter over the action. *See* 28 U.S.C. § 1441(a) (any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court and district embracing the place where the action is proceeding); *see also Caterpillar*, 482 U.S. at 392. To the extent that Plaintiff seeks to bring any state law claims, the state law claims derive from a common nucleus of operative facts as the federal claims and this Court, thus, has supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(a).

Finding that this Court has jurisdiction, the undersigned considers each of Plaintiff's arguments in support of remand.

### 1. The One-Year Requirement in 28 U.S.C. 1446(c)(1) Does Not Apply

First, although Plaintiff cites to 28 U.S.C. § 1446(b) to support his argument that Defendants were required to file a notice of removal within one year after commencement of the action, § 1446(c)(1) is the correct statutory provision that mandates a one-year time limit for removal actions and this provision applies only those actions removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1446(c)(1). Here, it is uncontroverted that the Notice of Removal was based on federal question jurisdiction, rather than diversity of citizenship, (Doc. No. 1 at 1-2), accordingly the time limit set forth in 28 U.S.C. § 1446(c)(1) does not apply.

### 2. The Rule of Unanimity Does Not Bar Removal in this Case

Second, Plaintiff cites to the so-called rule of unanimity from 28 U.S.C. § 1446(b)(2)(A), which states that, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Plaintiff states that he has been unable to serve Defendant Debbie Asuncion "after diligently attempting service" and "[t]herefore . . . there is a Lack of Unanimous Consent to Removal." (Doc. No. 9 at 3).

Plaintiff's reliance on the rule of unanimity is misplaced here. "[A]s implied in the rule

itself, there are exceptions to the unanimity requirement.  Most relevant to this case is the exception for defendants who were not properly served before notice of removal." *Gianelli v. Schoenfeld*, 2021 WL 2106365, at *3 (E.D. Cal. May 25, 2021), *report and recommendation adopted*, 2021 WL 2662044 (E.D. Cal. June 29, 2021), citing *Destfino v. Reiswig* 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined [in the petition for removal.]").  Plaintiff admits that Defendant Asuncion has not been served, therefore the fact that she did not consent to removal is not a basis for remand.  Plaintiff does not contend that any other Defendant has been served and failed to join the Notice of Removal.  Therefore, Plaintiff's argument based on the lack of unanimous consent to removal fails.

        3.  <u>Plaintiff's Inability to Obtain an Entry of Default Against Defendant Dolihite</u>

Third, Plaintiff states he received proof of service on Joseph Dolihite by Sayler Legal Services, and on August 14, 2022 moved the Superior Court of Kings County for entry of default against Dolihite, "but all plaintiff's pleadings are being returned unfiled due to the removal to federal court."  (Doc. No. 9 at 3).  Plaintiff argues that he "is being deprive [sic] of the right to default against Joseph Dolihite by the improper removal of the case."  (*Id.*).

As Defendants point out, Plaintiff may seek an entry of default against Defendant Dolihite under federal law if Defendant Dolihite has indeed been served and failed to file a timely response.  Therefore, Plaintiff's argument that removal has precluded this remedy is inaccurate.  Moreover, the fact that Plaintiff can no longer obtain state remedies after the matter was properly removed to federal court does not make the removal invalid, and Plaintiff does not provide any authority to that effect.

        4.  <u>Plaintiff Improperly Raises Several New Arguments in His Reply Brief</u>

In his Reply, Plaintiff raises several new arguments in support of remand that were not advanced in his Motion.  These arguments include that removal is barred by the abstention

doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), by the *Rooker-Feldman* doctrine, 28 U.S.C. § 1257, and the Full Faith and Credit Act (28 U.S.C. § 1738).  (Doc. No. 15 at 1).

"It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issuesr aised for the first time in the reply brief are waived."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.").  Following the reasoning behind this well-established rule, the undersigned finds it improper to consider these new legal arguments when Defendants have had no opportunity to brief and respond to them.

Nevertheless, the Court will briefly address the authorities cited by Plaintiff, which are inapplicable here.  "The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012).  Given "the narrow ground occupied by the doctrine," the Supreme Court has confined *Rooker–Feldman* "to cases . . . brought by state-court losers . . . inviting district court review and rejection of [a state court's] judgments[.]" *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (quotation marks and internal citations omitted).  Contrary to Plaintiff's assertion, Defendant's removal to federal court is neither an appeal nor a de-facto appeal of an adverse state court ruling, but a change of venue.  (*See* Doc. No. 15 at 5) ("Defendant Lopez is asking the federal district court to overrule the state court judgment in *Crane v. Dolihite . . .*").  Accordingly, *Rooker-Feldman* does not apply.  Meanwhile, 28 U.S.C. § 1257 provides that final judgments of the highest court of a state are reviewable by the U.S. Supreme Court, which is likewise inapplicable here.

The abstention doctrine from *Younger v. Harris* similarly does not bar removal here. *Younger* abstention "forbid[s] federal courts [from] stay[ing] or enjoin[ing] pending state court proceedings." *Younger*, 401 U.S. at 41.  The doctrine applies only in "exceptional circumstances" involving parallel proceedings in state and federal courts and requires federal courts to refrain

6

from exercising jurisdiction in three classes of state proceedings: (1) state criminal prosecutions; (2) certain civil enforcement actions; and (3) civil proceedings in furtherance of a state court's ability to perform its judicial functions. *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 78 (2013); *see also New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 373 (1989). This case does not involve parallel proceedings in state and federal court, nor a proposed stay or injunction of state proceedings, but removal of a relatively simple section 1983 action from state court to federal court. Accordingly, the Court finds *Younger* inapplicable here.

Finally, Plaintiff cites as a bar to removal the Full Faith and Credit Act, 28 U.S.C. § 1738, which "direct[s] that all United States courts afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 462–63 (1982). Plaintiff again appears to mistakenly believe removal to federal court overrules or contravenes a state court judgment, and therefore implicates the Full Faith and Credit Act. It does not. Removal merely changes the venue of Plaintiff's case and in no way alters or invalidates a prior judgment or ruling made by the state court. Accordingly, the Full Faith and Credit Act is not a basis for remand here.

B. <u>Plaintiff's Motion for Appointment of Counsel</u>

Because the undersigned recommends the district court deny Plaintiff's motion to remand, the undersigned considers Plaintiff's incorporated motion for appointment of counsel. Plaintiff, who is presumable indigent., is proceeding in this action in a civil action. The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The

7

1  court may consider many factors including, but not limited to, proof of indigence, the likelihood of
2  success on the merits, and the ability of the plaintiff to articulate his or her claims pro se considering
3  the complexity of the legal issues involved, to determine if exceptional circumstances warrant
4  appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),
5  *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).
6        Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v.*
7  *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  First, although no attorney has
8  entered an appearance on his behalf, Plaintiff references assistance from an attorney and a legal
9  service in connection with the state remand of his case. (Doc. No. 9 at 2-3).  Nonetheless,
10  Plaintiff has not otherwise pointed to any reasons why appointment of counsel is warranted in this
11  case pending before this Court.  Plaintiff has capably filed motions and conducted legal research
12  in this case.  Finally, the possibility that the undersigned may deny Plaintiff's motion is not a
13  basis for appointment of counsel.  The case procedurally remains at the early stages of litigation.
14  Indeed, the Court has not completed a § 1915A screening on the operative complaint. Should this
15  case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional
16  circumstances, he may renew his motion for appointment of counsel.

17        **FINDINGS AND RECOMMENDATIONS**
18        As set forth above, the undersigned finds federal subject matter jurisdiction is proper
19  under 28 U.S.C. § 1331.  Plaintiff's operative complaint alleges claims under 42 U.S.C. § 1983
20  for violations of Plaintiff's federal constitutional rights.  The authorities cited and arguments
21  advanced by Plaintiff do not support his Motion for Remand.
22        Accordingly, it is **ORDERED**:
23        Plaintiff's incorporated Motion for Appointment of Counsel (Doc. No. 9) is denied.
24        It is further **RECOMMENDED**:
25        Plaintiff's Motion to Remand (Doc. No. 9) be denied.
26  ////
27  ////
28  ////

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: June 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE