UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRANE,<br><br>        Plaintiff,<br><br>    v.<br><br>G. LOPEZ, DEBBIE ASUNCION, DANIEL SANCHEZ, M. CONTRERAS, and JOSEPH C. DOLIHITE,<br><br>        Defendants. | Case No.  1:22-cv-00922-ADA-HBK (PC)<br><br>ORDER DIRECTING CLERK TO REJECT PLAINTIFF'S REQUESTS FOR CLERK'S ENTRY OF JUDGMENT<br><br>(Doc. Nos. 29, 30, 31, 32, 33)<br><br>ORDER DISMISSING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT<br><br>(Doc. No. 37, 38, 39, 40, 41)<br><br>ORDER DISMISSING PLAINTIFF'S MOTION FOR JUDGMENT AND REQUEST FOR JUDICIAL NOTICE WITHOUT PREJUDICE AS PREMATURE<br><br>(Doc. Nos. 36, 42) |

       Plaintiff Richard Crane is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983, and originally filed in Kings County Superior Court. (*See* Doc. No. 1). Between July 19, 2023 and August 11, 2023, Plaintiff filed five requests for entry of a clerk's default judgment, one for each of the Defendants in this case. (Doc. Nos. 29-33). Plaintiff subsequently filed five corresponding motions for entry of default (Doc. Nos. 37-41) and a motion for judgment and request for judicial notice in support of his motions for default (Doc. Nos. 36, 42). Plaintiff claims that Defendants Lopez, Asuncion, Sanchez,

1

Contreras, and Dolihite have failed to timely respond to his Complaint, and he seeks a default judgment against each of them. (*Id*.). For reasons set forth below, the Court will DENY the pending Motions.

### I.     Screening Requirement Under 28 U.S.C. 1915A

This case was removed by defendants to this Court on July 27, 2022. (Doc. No. 1). On August 25, 2022, Plaintiff filed a motion to remand this case back to the state Superior Court. (Doc. No. 9). On June 29, 2023, the undersigned issued findings and recommendations to deny Plaintiff's motion to remand. (Doc. No. 25, "F&R"). Plaintiff sought two extensions of time to file objections to the F&R. His objections were due to mailed no later than September 18, 2023. As of the date of this Order, the Clerk has not received Plaintiff's objections to the F&R. Instead, presumably relying upon the service of his complaint in the underlying state court action, Plaintiff filed the series of above requests and motions.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1), (2). Until the district court issues a ruling on the F&R, the undersigned cannot conduct a preliminary screening of the complaint under § 1915A and, consequently, has not ordered any Defendant to respond to Plaintiff's Complaint.

### II.     Requests for Entry of Default and Motions for Default Judgment

If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Federal Rule of Civil Procedure 55(a). Rule 55 requires a "two-step process" that consists of (1) seeking the clerk's entry of default and (2) filing a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see Symantec Corp. v. Global Impact, Inc*., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"). In a prisoner civil rights case, screening of the complaint is a prerequisite to

seeking a default or default judgment. *See Jackson, Jr. v. Monterey Cnty. Jail,* 2008 WL 269472, at *2 (N.D. Cal. Jan. 29, 2008), *aff'd sub nom. Jackson v. Monterey Cnty. Jail*, 407 F. App'x 119 (9th Cir. 2010).

After screening, a plaintiff must request entry of default from the Clerk of Court if no defendant responds after being so ordered by the court; and, after entry of default is entered, the plaintiff may file a motion for default judgment.  As noted above, the undersigned has not yet screened Plaintiff's Complaint due to the pending F&R, so no Defendant has been ordered to respond to the Complaint.  Thus, Defendants Lopez, Asuncion, Sanchez, Contreras, and Dolihite have not failed to timely file a response to Plaintiff's Complaint.  Plaintiff's Requests for entry of clerk's default, motions for default judgment, and associated pleadings are all premature.  *See Whitley v. Webs,* 2015 WL 5184971, at *2 (N.D. Cal. Sept. 4, 2015).

Accordingly, it is **ORDERED:**

1. The Clerk shall reject Plaintiff's requests for entry of clerk's default (Doc. Nos. 29, 30, 31, 32, 33).
2. Plaintiff's motions for entry of default judgment (Doc. Nos. 37, 38, 39, 40, 41) are DISMISSED without prejudice as premature.
3. Plaintiff's motion for judgment and request for judicial notice (Doc. Nos. 36, 42) are DISMISSED without prejudice as premature.

Dated: September 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3