UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>            Plaintiff,<br><br>    v.<br><br>G. LOPEZ, DEBBIE ASUNCION, DANIEL SANCHEZ, M. CONTRERAS, and JOSEPH C. DOLIHITE,<br><br>            Defendants. | Case No. 1:22-cv-00922-NODJ-HBK (PC)<br><br>ORDER GRANTING IN PART CONSTRUED MOTION FOR JUDICIAL NOTICE<br><br>(Doc. No. 51)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 53)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 55)<br><br>JANUARY 29, 2024 DEADLINE |

Pending before the Court are three separate motions filed by pro se Plaintiff Richard J. Crane on November 1, 2023, November 27, 2023, and December 4, 2023, respectively. (Doc. Nos. 51, 53, 55). Plaintiff's first filed motion seeks leave to submit supplemental authorities, (Doc. No. 51), which the Court construes as a motion for judicial notice. The second filed motion requests appointment of counsel. (Doc. No. 53). And the third filed motion seeks an extension of time. (Doc. No. 55). The Court will grant in part the motion for judicial notice, deny the motion for appointment of counsel, and grant the motion for extension of time.

**CONSTRUED MOTION FOR JUDICIAL NOTICE**

In Plaintiff's pleading titled "Leave of Court to Submit Supplemental Authorities" Plaintiff requests the Court to review a recent unpublished opinion issued by the Ninth Circuit Court of Appeals in *Miller v. Sanchez*, 2023 WL 6879358 (Oct. 18, 2023), which involves one of the Defendants in the instant case, Daniel Sanchez.  Plaintiff contends that because the court in that case found cognizable a First Amendment retaliation claim against Defendant Sanchez, this Court should "grant the supplemental authority of *Miller v. Sanchez*, as it relates directly to a defendant in his state case . . ." (Doc. No. 51 at 2).  While the relief Plaintiff seeks is unclear, liberally construed, the motion requests that the Court take judicial notice of the Ninth Circuit's opinion in *Miller v. Sanchez*.

At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  A trial court may take judicial notice of the existence of a related court matter but may not take judicial notice of a finding of fact by another court.  *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

Here, the Court grants Plaintiff's construed motion in part.  The Court takes judicial notice of the fact that Defendant Sanchez is named as a Defendant in *Miller v. Sanchez*, 2:20-cv-00006-GW-KK.  However, the Court declines to take judicial notice of any facts contained in the court's opinion.  Nor does the Court make any finding that *Miller v. Sanchez* is related to this case beyond the fact that Sanchez is named as a Defendant in both matters.  Thus, Plaintiff's construed

motion is granted to the limited extent the Court acknowledges Defendant Sanchez is a named Defendant in another action in the Ninth Circuit.

**MOTION FOR APPOINTMENT OF COUNSEL**

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 579 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Notably, Plaintiff seeks appointment of counsel for the limited purpose of effectuating service upon Defendants. Plaintiff cites a state court of appeal decision in this matter, which noted that "the discretionary measures available to the trial court include appointing a willing attorney for the limited purpose of effecting service of process." *Crane v. Dolihite*, 70 Cal. App. 5th 772, 794 (2021). This statement, merely pointing to a court's discretionary authority to appoint counsel, in no way entitles Plaintiff to appointment of counsel.

First, the Court has not yet issued an Order directing service on Defendants because Plaintiff's Complaint as pled does not state a cognizable federal claim. (*See* Doc. No. 52). Second, if Plaintiff submits an amended complaint that states a cognizable claim, the Court sua

sponte will direct service upon defendants by e-service.  Thus, appointment of counsel is not necessary for service in this matter.  Otherwise, Plaintiff has not articulated nor established exceptional circumstances that warrant appointment of counsel.

**MOTION FOR EXTENSION OF TIME**

Plaintiff also seeks a thirty (30) day extension of time to file a response to the Court's November 20, 2023 Screening Order.  (Doc. No. 55).  Plaintiff's motion, constructively filed on November 30, 2023,[1] is timely.  The Court may grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  The Court will grant Plaintiff's request for a thirty (30) day extension to the original deadline set to respond to the Court's November 20, 2023 Screening Order

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's construed motion for judicial notice (Doc. No. 51) is GRANTED IN PART, as set forth above;
2. Plaintiff's motion for appointment of counsel (Doc. No. 53) is DENIED;
3. Plaintiff's motion for extension of time (Doc. No. 55) is GRANTED and Plaintiff must deliver his response to the Court's November 20, 2023 Screening Order to correctional officials for mailing no later than January 29, 2024.

Dated:   December 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Although docketed on December 4, 2023, the Court affords Plaintiff, a prisoner, the benefit of the mailbox rule and deems the motions filed on the date he certifies he delivered to motions correctional officials for mailing.