UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>        Plaintiff,<br><br>    v.<br><br>G. LOPEZ, et al.,<br><br>        Defendants. | Case No.  1:22-cv-00922-NODJ-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF CASE<br><br>(Doc. No. 57)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 58) |

Pending before the Court is Plaintiff's Motion for Stay of Case, filed on January 16, 2024. (Doc. No. 57, "Motion for Stay").  In the Motion, filed pursuant to Federal Rule of Civil Procedure No. 62, Plaintiff "seeks a stay of the Court's screening order" in this case pending a ruling by the district judge on his October 27, 2023 Motion for Reconsideration (Doc. No. 50) of the Court's September 20, 2023 Order (Doc. No. 44) striking and denying several pleadings.  (*Id*. at 1).  Plaintiff contends the Court did not have authority to screen his Second Amended Complaint.  (*Id*.).  On January 24, 2024, Plaintiff filed a Motion for Extension of Time seeking 30 days to respond to the Court's November 20, 2023 Screening Order (Doc. No. 52) after the district judge rules on his Motion for Reconsideration and the Motion for Stay.  (Doc. No. 58 at 2, "Motion for EOT").  For reasons set forth below, the Court will deny the Motion for Stay and grant in part the Motion for Extension of Time.

**MOTION FOR STAY OF CASE**

This court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Such discretion may be exercised even if the issues before the court are not controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979). Here, Plaintiff seeks a stay of the case under Federal Rule of Civil Procedure No. 62, which provides that, except in limited circumstances, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a); see also *Marine Club Manager, Inc. v. RB Com. Mortg., LLC*, 2023 WL 8103154, at *1 (W.D.N.C. Nov. 21, 2023). This case remains at the screening stage however, and no judgment has been entered, thus Rule 62 has no applicability to this case.

Nor has Plaintiff established good cause for a stay. To the extent Plaintiff contends the Court lacks authority to screen his Second Amended Complaint, he fails here to cite any authority in support. The Court is aware of no reason it should not exercise its duty under the Prison Litigation Reform Act ("PLRA") to screen all prisoner civil rights complaints filed in or removed to federal court that seek relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A; *see Wilk v. Neven*, 2016 WL 259694, at *1 (D. Nev. Jan. 21, 2016) (federal district court required to screen prisoner plaintiff's complaint upon removal from state court); see also *Doyle v. California Dep't of Corr. & Rehab.*, 2013 WL 1149767, at *1 (N.D. Cal. Mar. 19, 2013) (same). This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

To the extent Plaintiff raises this argument in his Motion for Reconsideration, the District Judge will address it and rule on the Motion in due course. In the meantime, Plaintiff's Motion for Stay is denied.

**MOTION FOR EXTENSION OF TIME**

The Court may grant an extension of time "with or without motion or notice if the court

acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In light of Plaintiff's request being timely filed, the Court will grant Plaintiff's Motion for EOT in part, to the extent that Plaintiff shall have 30 days from the date of this Order to file his response to the Court's November 20, 2023 Screening Order (Doc. No. 52). Thus, Plaintiff must deliver his response to the Screening Order to correctional officials no later than March 8, 2024.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Stay of the Case (Doc. No. 57) is **DENIED**.
2. Plaintiff's Motion for Extension of Time (Doc. No. 58) is **GRANTED IN PART** as set forth above.
3. Plaintiff shall deliver to correctional officials for mailing his response to the Court's November 20, 2023 Screening Order (Doc. No. 52) no later than March 8, 2024.

Dated:   February 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3