UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.  1:22-cv-00922-NODJ-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 50) |

　　　　On September 20, 2023, the assigned Magistrate Judge issued an Order denying Plaintiff's five motions for default judgment (ECF Nos. 29-33) and two additional associated motions (ECF Nos. 36, 42), and rejecting five related requests for entry of default (ECF Nos. 37-41).  (*See* ECF No. 44.)  On October 23, 2023, Plaintiff filed a "Request for Reconsideration" ("Motion").  (ECF No. 50.)  Because the Motion was not filed within 28 days of the final judgment being challenged, the Court construes the Motion as made pursuant to Federal Rule of Civil Procedure 60(b) for relief from a final judgment, order, or proceeding.

　　　　Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

　　　　　　(1) mistake, inadvertence, surprise, or excusable neglect;

　　　　　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>>(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
>>(4) the judgment is void;
>
>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citation omitted). "Thus, the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1393 (9th Cir. 1995). This Court's local rules also govern reconsideration. They require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

Reconsideration is not warranted here. There are no new facts, nor changes in controlling law. Instead, Plaintiff argues, first, that because the state court granted him leave to file a Second Amended Complaint ("SAC"), after Defendant Lopez removed the case to federal court, this Court had no authority to screen the SAC but was required to simply serve it on Defendants. (ECF No. 50 at 3.) This argument is without merit. Plaintiff contends that screening of the SAC after removal was contrary to 28 U.S.C. § 1450, which provides, *inter alia*, that:

>Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same

/////

/////

2

> manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

28 U.S.C. § 1450.  However, this statute is clearly inapplicable to Plaintiff's case, which does not involve the "attachment or sequestration" of Plaintiff's goods or estate.  Rather it is a prisoner civil rights case alleging interference with Plaintiff's First Amendment access to courts.  (*See generally* ECF No. 4.)

Federal courts have a duty under the Prison Litigation Reform Act ("PLRA") to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. 1915A(a).  Plaintiff's case, brought against several employees of the California Department of Corrections and Rehabilitation based on 42 U.S.C. § 1983 is undeniably subject to the PLRA.  (*See* ECF No. 4 at 5.)  Courts in this Circuit routinely screen prisoner civil rights complaints removed from state court, including amended complaints filed pursuant to a state court order.  *See Garcia v. Mix*, 2011 WL 4634036, at *2 (E.D. Cal. Oct. 4, 2011) (noting court's duty to screen complaint after removal to federal court); *accord Wilk v. Neven*, 2016 WL 259694, at *1 (D. Nev. Jan. 21, 2016); *Doyle v. California Dep't of Corr. & Rehab.*, 2013 WL 1149767, at *1 (N.D. Cal. Mar. 19, 2013).  Plaintiff has not set forth any authority holding that the screening provisions of the PLRA should not apply to his case.  Thus, the Magistrate Judge's screening of the SAC was proper.

Relatedly, Plaintiff argues that because his initial complaint was filed in state court against Joseph Dolihite, who is not a state actor, the PLRA screening requirement does not apply to this action. (ECF No. 50 at 5.)  However, it is uncontested that Plaintiff's operative complaint names multiple employees of CDCR, explicitly "proceeds as a 42 U.S.C. § 1983 claim" (ECF No. 4 at 5) and was filed by a state prisoner.  (*See id.*)  Thus, the PLRA unquestionably applies to this case and the Court was required to screen the SAC.

The Motion also contends that "the court in Plaintiff's case is allowing the Defendants' [sic] to avoid answering for over a year, and this is unfair and prejudicial to Plaintiff's case." (ECF No. 50 at 4.)  Plaintiff argues this is a violation of Rule 81(c) of the Federal Rules of Civil Procedure.

3

(*Id.*) Liberally construed, Plaintiff claims that under Rule 81(c) Defendants were required to answer the SAC within 21 days of removal of the case, and that the Court has failed to enforce this requirement. (*Id.*) As noted above, however, the Court was required first to screen Plaintiff's SAC, and because the SAC failed to state a claim, no Defendant has been served with the SAC and directed to file a responsive pleading. *See* 28 U.S.C. § 1915A. Moreover, Plaintiff's own actions have required the Court take time away from reviewing his operative complaint; after the case was removed to this Court, Plaintiff filed multiple motions, including a Motion to Remand (ECF No. 9), which precluded the magistrate judge from screening the SAC pending resolution of the potentially dispositive Motion to Remand. Plaintiff's numerous motions for default judgment and associated pleadings also required attention and in this way competed with the Magistrate Judge's screening of Plaintiff's SAC. Thus, Plaintiff again fails to set forth a basis for rejecting the Magistrate Judge's Order.

In sum, Plaintiff has presented no argument or evidence that would undermine the Court's findings. More importantly, with his current motion, he has failed to present newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *See Leslie Salt Co.,* 55 F.3d at 1393.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 50) is DENIED.

DATED: February 12, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE