UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD J. CRANE,

Plaintiff,

v.

G. LOPEZ, DEBBIE ASUNCION, DANIEL SANCHEZ, M. CONTRERAS, and JOSEPH C. DOLIHITE,

Defendants.

Case No. 1:22-cv-00922-KES-HBK (PC)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

(Doc. No. 63)

FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]

(Doc. No. 52, 64)

FOURTEEN-DAY OBJECTION PERIOD

Pending before the Court is Plaintiff's Second Amended Complaint. (Doc. No. 4, "SAC"). In response to the Court's November 20, 2023 Screening Order, Plaintiff filed Objections and a Motion for Judicial Notice, in support of his Objections. (Doc. Nos. 63, 64). For the reasons set forth below, the undersigned grants in part Plaintiff's Motion for Judicial Notice but nonetheless recommends the district court dismiss the SAC because it fails to state any cognizable federal claim.

////

/////B

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

### A. Procedural History

On July 27, 2023, Defendant G. Lopez removed this case from the Kings County Superior Court after Plaintiff filed a Second Amended Complaint in state court raising for the first-time federal claims. (*See* Doc. Nos. 1, 4). On October 23, 2023, the district court adopted the undersigned's Findings and Recommendations and denied Plaintiff's Motion to Remand the case back to state court. (Doc. Nos. 25, 49). Plaintiff's Second Amended Complaint comprises 111 total pages—a 15-page complaint with 96 pages of exhibits. (Doc. No. 4, "SAC"). Specifically, the SAC attaches Plaintiff's first amended complaint filed on February 23, 2015 in the state superior court along with various exhibits. As discussed below, Plaintiff's initial state court complaint named inmate Dolihite as the sole defendant and alleged only claims arising under state law stemming from an incident that occurred on January 16, 2013 when Plaintiff was stabbed in the neck with a pencil by inmate Dolihite. After the Fifth Appellate District Court appellate court reversed the superior court's dismissal of the Plaintiff's first amended complaint for failure to effectuate service on Dolihite and remanded back to the trial court directing that the trial court accomplish service of the summons and complaint, Plaintiff filed his SAC.

On November 20, 2023, the Court issued a Screening Order, finding Plaintiff's Complaint failed to state any cognizable constitutional claim. (Doc. No. 52). The Court afforded Plaintiff three options to exercise no later than December 29, 2023: (1) file an amended complaint if he cure the identified deficiencies; (2) file a notice that he intends to stand on his Complaint subject to the undersigned recommending the district court dismiss for reasons stated in the November 20, 2023 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1). (*Id*. at 12-13). After being granted two extensions of time, on March 8, 2024, Plaintiff filed a Motion for Judicial Notice ("Motion") and on March 11, 2024, he filed Objections to the Court's November 20, 2023 Screening Order. (Doc. Nos. 63, 64). In the Objections, Plaintiff appears to reiterate his position, previously rejected by the district judge, (Doc. No. 60), that this Court did not have authority to screen his Complaint, and generally disagrees with the Court's finding that his Complaint failed to state a

claim. (*See generally* Doc. No. 64). Thus, the Court construes Plaintiff's Objections as a Notice that Plaintiff intends to stand on his Complaint subject to the undersigned recommending the district court dismiss this case for failing to state any federal claim.

**B. Summary of Operative Complaint**

The events giving rise to the SAC occurred in Kings County, Los Angeles County, and Monterey County. (*See generally* Doc. No. 4 at 3-15). The SAC on the caption names five Defendants (1) G. Lopez, Litigation Coordinator at Salinas Valley State Prison ("SVSP"), (2) Debbie Asuncion, Warden of CSP-LA, (3) Daniel Sanchez, Litigation Coordinator at CSP-LA, (4) M. Contreras, Clerk of the Monterey County Sheriff's Office, and (5) Joseph Dolihite, a CDCR inmate currently housed in Salinas Valley State Prison.[2] (*Id*. at 7). However, in the body of the SAC, inmate Dolihite is not identified under the list of Defendants on page 7, nor does the SAC plead any cause of action against inmate Dolihite. (*See generally Id*.). The SAC names all Defendants in both their individual and official capacities and claims they are "jointly and severally liable" (*id*. at 7) on the following causes of action: (1) First Amendment retaliation (*id*. at 8); (2) denial of access to the courts (*id*. at 9-11); and (3) intentional infliction of emotional distress (*id*. at 12-14). On the cover sheet, Plaintiff also references the bane Act and conspiracy. (*Id*. at 5).

The following facts are presumed true at this stage of the screening process. On January 16, 2013, Plaintiff was using a computer in a GED class at High Desert State Prison when Defendant Dolihite stabbed Plaintiff twice in the neck with a pencil. (*Id*. at 9 ¶ 6). On June 19, 2014, Plaintiff filed a personal injury suit against Dolihite in Kings County Superior Court. (*Id*. ¶ 7). In December 2014, a Superior Court order advised Plaintiff he would need to provide proof of service of Dolihite for his claim to proceed and advised Plaintiff to "make arrangements with the Sheriff Department at the county where defendant is located for service of plaintiff's complaint and summons." (*Id*.). In January 2015, Plaintiff filed a first amended complaint and a motion for service pursuant to California Code of Civil Procedure §§ 413.30, 414.10, and 415.30. (*Id*. ¶ 8). On November 14, 2017, the Superior Court ordered Plaintiff to obtain permission from

---

[2] *See* https://apps.cdcr.ca.gov/ciris/results?lastName=dolihite&firstName=joseph (last visited: March 20, 2024).

Defendant Asuncion to serve Dolihite with the summons and complaint. (*Id.* ¶ 12).

On January 22, 2018, Crane submitted a CDCR 22, requesting permission from Defendant Asuncion to serve Dolihite with the Complaint. (*Id.* ¶ 13). Plaintiff noted he needed to file a case management statement by February 14, 2018. (*Id.*). On January 30, 2018, Plaintiff received a first-level response from a Sergeant Torres, indicating the request would be forwarded to the litigation coordinator. (*Id.* ¶ 14). On February 5, 2018, Plaintiff completed a request for supervisor review. (*Id.*). Plaintiff also sent Defendant Asuncion a letter stating KCSC had ordered him to obtain the Warden's permission to sue Dolihite. (*Id.* ¶ 15). The Complaint does not clearly state what response, if any, Plaintiff received from Defendant Sanchez, the litigation coordinator, or Defendant Asuncion, but quotes from an unspecified source[3] that Torres and Asuncion's "failure . . . to respond to [Plaintiff] had the actual effect of frustrating Crane's service of the summons and complaint." (*Id.* at 13 ¶ 26).

On February 14, 2019, Plaintiff contacted the Monterey County Sheriff's Office requesting service of his lawsuit on Defendant Dolihite. (*Id.* at 11 ¶ 16). In response, on March 4, 2019, Plaintiff received a "Notice of Action Taken," stating the sheriff's office was unable to process his request and advising him to "Please contact Soledad State Prison to serve inmates at their facilities." (*Id.*). Defendant Contreras' name appears on the document. (*Id.* at 99).

Plaintiff then mailed "all documents" to the Salinas Valley State Prison "which is near Soledad." (*Id.* ¶ 17). On April 23, 2019, Plaintiff received a response from Defendant Lopez, the litigation coordinator at SVSP, stating that his legal correspondence was being returned "for the following reasons: Improper Service and the Litigation Office does not serve or accept service for other inmate [sic]." (*Id*).

On June 26, 2019, KCSC held a hearing on Plaintiff's case and dismissed it with prejudice. (*Id.* ¶ 18). The Fifth District Court of Appeal later reversed the dismissal, finding that the various actions of KCSC, prison officials at CSP-LA and SVSP, and the Monterey County Sheriff's Office had frustrated Plaintiff's statutory right of access to the courts, and remanded the

[3] The Court infers that this quotation is taken from the Court of Appeal opinion in *Crane v. Dolihite*, 70 Cal. App. 5th 772 (2021).

case for further proceedings. *Crane*, 70 Cal. App. 5th at 790-91. On remand, Plaintiff filed a Second Amended Complaint, adding Defendants Lopez, Sanchez, Asuncion, and Contreras and raising all new claims. (See Doc. No. 4 at 3-15). Defendants subsequently filed a Notice of Removal to this Court. (Doc. No. 1).

**MOTION FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of a pertinent law or regulations at any stage of the proceedings. *Id.*; *see also National Agricultural Chemicals Assn. v. Rominger*, 500 F. Supp. 465, 472 (E.D. Cal. 1980). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c).

Courts judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue." *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). However, a court may not take judicial notice of findings of facts from another case. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

On March 8, 2024, Plaintiff filed a Motion requesting the Court take judicial notice of several documents from the instant case and his related state court proceedings in support of his Objections to the Court's November 20, 2023 Screening Order. (Doc. No. 63). Plaintiff "submits these state and federal court records to establish, among other issues: the collateral estoppel grounds in regard to these claims; and the involvement of prison officials in covering an attempted murder promoted by the Defendant Probst, Correctional Officer with others and denial of access to the courts." (*Id*. at 1).

Plaintiff seeks judicial notice of the documents below and certain "adjudicative facts" specified in the Motion (not enumerated here):

1. Plaintiff's (Appellant's) Opening Brief in *Crane v. Dolihite*, F079877.

    2.   Motion for Judicial Notice filed on June 26, 2020 in *Crane v. Dolihite*, F079877.

    3.   July 31, 2020, Order issued by California Court of Appeal, Fifth Appellate District, Granting Plaintiff's Motion for Judicial Notice in *Crane v. Dolihite*, F079877.

    4.   October 21, 2021 Opinion issued by California Court of Appeal, Fifth District, reversing the Kings County Superior Court's dismissal with prejudice of *Crane v. Dolihite*, Case No. 14 C 0180.

    5.   December 6, 2021 Order issued by Kings County Superior Court in *Crane v. Dolihite*, Case No. 14 C 0180.

    6.   February 4, 2019, letter from Sean Lodholz, Deputy Attorney General, to Daniel Sanchez, Litigation Coordinator at California State Prison – Los Angeles County.

    7.   July 19, 2023, Request for Entry of Default by Plaintiff in the instant case.

    8.   July 21, 2023, Request for Entry of Default by Plaintiff in the instant case.

Because Plaintiff's prior state court proceedings in Kings County Superior Court Case No. 14 C 0180 and California Court of Appeal Case No. F079877 "have a direct relation to the matters at issue" the Court may take judicial notice of Documents 1-5, above. *See Borneo, Inc.*, 971 F.2d at 248. The Court may also judicially notice Documents 7 and 8, which are filings in the instant case. While Document No. 6 references an audio interview with Defendant Joseph Dolihite conducted after he 2013 incident where Dolihite allegedly stabbed Plaintiff, it is an exhibit from an unrelated case (E.D. Cal. Case No. 2:15-208-TLN-KJN) in which Plaintiff brought claims against various High Desert State Prison officials and parole board commissioners. (*See* E.D. Cal. Case No. 2:15-208-TLN-KJN, Doc. No. 16). Document 6 does not have any obvious relevance to the issues in the Court's Screening Order, beyond a reference to exhibits involving Defendant Dolihite, a Defendant named only on the first page of the SAC but otherwise not included in the SAC. Thus, the Court denies Plaintiff's Motion for Judicial Notice as to Document No. 6.

The Court also denies Plaintiff's request to judicially notice any "adjudicative facts" in the cited documents. While a court may take judicial notice of the existence of documents from a related Court proceeding, as noted above, it may not take judicial notice of findings of facts from

another case. *Walker*, 454 F. Supp. 2d at 1022.

## APPLICABLE LAW AND ANALYSIS

### A. Rule 8 and Screening Requirement

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not

required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

To ensure compliance with Rule 8, courts in the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 U.S. Dist. LEXIS 251321, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674. Under Rule 8, allegations of facts that are

extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information).

As noted above, Plaintiff's Complaint consists of 107 pages, including 96 pages of exhibits. It therefore violates the page limits applicable to prisoner complaints in this District. The Court will nevertheless screen Plaintiff's Complaint but will not consider the voluminous exhibits attached to the Complaint.

**B. Section 1983 and Color of State Law**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (*citing Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983. *See, e.g., Jackson v. Foster*, 372 F. App'x 770, 771 (9th Cir. 2010) (concluding that "the district court properly dismissed Jackson's excessive force claim because [fellow] inmate . . . did not act under color of state law under any formulation of the governmental actor tests"); *see also Gettimier v. Burse*, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."); *Rigano v. Cty. of Sullivan*, 486 F. Supp. 2d 244, 256 n.15 (S.D.N.Y. 2007) ("It is well-established that a § 1983 claim is only cognizable against a state actor and not a fellow inmate."); *cf. Williams v. Calidonna*, 2007 WL 432773, at *1-2 (N.D.N.Y. Feb. 2, 2007) (dismissing § 1983 action against inmates despite allegation they were working as state informants). Accordingly, Plaintiff cannot succeed in stating a section 1983 claim against fellow

inmate Joseph Dolihite in this case as inmates are not state actors.

**C. First Amendment Retaliation**

It is clear prisoners have a First Amendment right to file a grievance or civil rights complaint against correctional officials. *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009). To state a claim for First Amendment retaliation, a plaintiff must allege five elements: (1) he engaged in protected activity; (2) the state actor took an adverse action against the plaintiff; (3) a causal connection between the adverse action and the protected conduct; (4) the defendant's actions would chill or silence a person of ordinary fitness from protected activities; and (5) the retaliatory action did not advance a legitimate correctional goal. *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quoting *Rhodes*, 408 F.3d at 567–68). A retaliatory motive may be shown by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct evidence. *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir.2003); *McCollum v. Ca. Dep't of Corr. And Rehab*., 647 F.3d 870, 882 (9th Cir. 2011). Mere speculation that a defendant acted out of retaliation is not sufficient. *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (citing cases).

Here, the SAC alleges that Defendant Asuncion retaliated against Plaintiff "for pursuing administrative appeal against Officials at California State Prison – Los Angeles County, No. LAC-16-03222, which was sent back twice from the Chief of Inmate Appeals, TLR # 1605952, but never answered." (Doc. No. 4 at 8 ¶ 1). The SAC alleges Asuncion retaliated against Plaintiff for this protected First Amendment conduct by refusing to allow Plaintiff to serve his lawsuit on Defendant Dolihite. (*Id.* ¶ 3).

Other than noting that Plaintiff filed administrative appeals against unspecified officials at CSP-LA, the Complaint is devoid of facts that would support an inference that Defendant Asuncion possessed a retaliatory motive in denying Plaintiff's request for permission to serve Defendant Dolihite. The SAC does not contain any details concerning Plaintiff's earlier administrative appeals, including their timing, the nature of the appeals, or the officials involved, that would support such an inference. Moreover, the SAC fails to plead facts indicating that Defendant Asuncion's denial of his request had no legitimate penological basis. Because "mere

speculation" is insufficient to support a claim of retaliation, and the SAC fails to provide more than speculation that Defendant Asuncion's denial was driven by a retaliatory motive, it fails to state a First Amendment retaliation claim.

**D. Conspiracy Claim**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id*. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id.* A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856–57.

Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Although an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown," *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989), "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1302 (9th Cir. 1999). Thus, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id.* at 1301.

Here, the SAC contains only a passing, conclusory allegation that unspecified Defendants engaged in a conspiracy to "to violate 42 U.S.C. 1983; and Civil Code 52.1(a)(b)(c), Jointly and Severally under color of authority against plaintiff." (Doc. No. 4 at 8 ¶ 4). The SAC does not articulate any facts that support Plaintiff's claim of a conspiracy. Indeed, given that Defendants include two prison officials in Los Angeles County, a Sheriff's Office clerk in Monterey County,

and an inmate at Salinas Valley State Prison, the Court cannot plausibly infer an agreement among all Defendants to harm Plaintiff without some facts or circumstantial evidence in support. *See Western Mining Council*, 643 F.2d at 624 (a court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact). Because Plaintiff's conspiracy cause of action consists only of a conclusory allegation that such a conspiracy existed, the Court finds the SAC fails to state a conspiracy claim.

**E. Bane Act Claim**

California Civil Code § 52.1 ("Section 52.1"), the so-called "Bane Act," permits a private right of action for damages:

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . .

Cal. Civ. Code § 52.1(a) (emphasis added). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion. *Jones v. Kmart Corp*., 949 P.2d 941, 942 (1998). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. *Austin B. v. Escondido Union Sch. Dist*., 57 Cal. Rptr. 3d 454, 472 (Cal. Ct. App. 2007) (quotation marks omitted). Although a complaint need not use the statutory terms "threats, intimidation, or coercion," it must allege facts from which the presence of threats, intimidation, or coercion may be inferred. *See Lopez v. County of Tulare*, 2012 WL 33244, * 11 (E.D. Cal. Jan.6, 2012).

Here, as with Plaintiff's conspiracy claim, his Bane Act claim consists only of conclusory statements. The SAC states that "Defendants . . . acted in conspiracy to violate . . . Civil Code 52.1(a)(b)(c), Jointly and Severally under color of authority against plaintiff." (Doc. No. 4 at 8 ¶ 4). The SAC later states, under the heading for an intentional infliction of emotional distress claim, that "Defendants are Jointly and Severally liable for the violations of Plaintiff's civil rights

as pursuant to civil code section 52.1, which is an independent violation." (*Id*. at 14 ¶ 30). However, the SAC is devoid of facts, even liberally construed, that reflect the use by any Defendant of threats, intimidation, or coercion to deprive Plaintiff of his civil rights. Nor does the SAC specify which of Plaintiff's rights the Defendants sought to interfere with, or even which Defendants sought to violate his rights. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Here, the SAC fails to plead the essential elements of a Bane Act violation and thus fails to state a claim.

Further, to the extent Plaintiff's claim is brought against a state actor, the SAC fails to allege compliance with the Government Claims Act.[4] California's Government Claims Act requires that a tort claim against a public entity, or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). The Government Claims Act applies to claims brought under the Bane Act. *Inman v. Anderson*, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018). The SAC's failure to allege compliance with the Government Claims Act is an additional reason it fails to state a Bane Act claim.

---

[4] The SAC asserts that Plaintiff's claims "are exempt from state claims statute because this action proceeds as a 42 U.S.C. § 1983 claim. Defendants are all Jointly and Severally liable to Plaintiff's injuries; and the Remittitur forecloses need for government claim, because it stems from Court of Appeal Case No. F079877." (Doc. No. 4 at 5). Plaintiff fails to present any legal authority to support these conclusory claims, which are contradicted by the well-established requirement that a plaintiff exhaust his administrative remedies with California Victim Compensation and Government Claims Board before filing a damages claim against state employees. *See State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004). Moreover, even assuming Plaintiff's state claims are not barred for failure to comply with the GCA, they also fail to state a claim.

**F.  First Amendment Interference with Access to Courts**

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with an inmate's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving an inmate's right to litigate without active interference. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).

The right to be free from active interference does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from "erect[ing] barriers that impede the right of access of incarcerated persons." *John L. v. Adams*, 969 F.2d 228, 235 (6th Cir. 1992); *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) ("The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference"). Thus, aside from their affirmative right to the tools necessary to challenge their sentences or conditions of confinement, prisoners also have a right, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process, "to pursue legal redress for claims that have a reasonable basis in law or fact." *Silva*, 658 F.3d at 1102 (citation omitted). To state a viable claim of active interference, a plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (*citing Lewis*, 518 U.S. at 348, 351); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Phillips*, 588 F.3d at 655.

Liberally construed, the SAC alleges that the actions of various government officials, including Defendants Lopez, Asuncion, Sanchez, and Contreras, interfered with Plaintiff's First Amendment right of access to the Courts. Even assuming the actions of one or more of the Defendants interfered with Plaintiff's access to the courts, however, his claim fails because he has not alleged, nor can he allege, an actual injury because that has not been mooted by his prior state court proceeding. Plaintiff litigated the issue of whether various government actors interfered with his access to courts in the preceding state court appeal. Through that proceeding Plaintiff

obtained the remedy he sought, i.e., reversal of the dismissal of his case and another opportunity to litigate his claims against Defendant Dolihite. *See Crane*, 70 Cal. App. 5th 772. Thus, the injury that Plaintiff claims to have suffered from the alleged interference by Defendants Sanchez, Contreras, Asuncion, and Lopez, (*see* Doc. No. 4 at 13 ¶ 24), has been remedied. Because the SAC does not allege any other actual injury resulting from the alleged interference, Plaintiff cannot state a First Amendment access to Courts claim against any Defendant. Specifically, Plaintiff cannot show an injury as the state appellate court reinstated his case and directed the state trial court to effectuate service of Plaintiff's first amended complaint on inmate Dolihite.

**G. Intentional Infliction of Emotional Distress**

Plaintiff's SAC contains a section titled Count Three: Intentional Infliction of Emotional Distress. (Doc. No. 4 at 12). However, this section of the SAC focuses primarily on Plaintiff's access to courts claim and does not allege that the interference with his litigation caused him emotional distress. Rather, the heading appears to refer to an IIED claim Plaintiff previously brought against Defendant Dolihite, stemming from Dolihite's alleged stabbing attack. (*Id*.). To the extent Plaintiff intended to allege an IIED claim, he fails to do so because the SAC does not set forth facts sufficient to support such a claim.

**CONCLUSION AND RECOMMENDATION**

Based on the above, the undersigned finds Plaintiff's Second Amended Complaint fails to state any cognizable claim. In its November 20, 2023 Screening Order, the Court advised Plaintiff of the deficiencies in the SAC and afforded him the opportunity to amend the SAC. Instead, Plaintiff elected to stand on his SAC subject to the undersigned recommending the district court dismiss this case. (*See* Doc. Nos. 63, 64). Despite being provided with guidance and the appropriate legal standards, Plaintiff elected not to cure the deficiencies identified above. A plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted). Thus, the undersigned recommends that the district court dismiss the SAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

ACCORDINGLY, it is **RECOMMENDED**:

The Second Amended Complaint (Doc. No. 4) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: March 22, 2024

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE